UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL S. HEARTSILL,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>STATE OF IDAHO and JOSH TEWALT,<br><br>　　　　　　Respondents. | Case No. 1:23-cv-00083-REP<br><br>**INITIAL REVIEW ORDER** |

Petitioner Michael S. Heartstill has filed an Amended Petition for Writ of Habeas Corpus challenging his state court conviction. *See Am. Pet.*, Dkt. 11. The Court is required to review every habeas corpus petition upon receipt to determine whether it should be served upon the respondent, amended, or dismissed. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," the petition must be summarily dismissed. Rule 4 of the Rules Governing Section 2254 Cases ("Habeas Rules").

### REVIEW OF PETITION

**1.　　Background**

In the Fifth Judicial District Court in Twin Falls County, Idaho, Petitioner pleaded guilty to 25 counts of sexual exploitation of a child, in violation of Idaho Code § 1507(2)(a). The judgment of conviction was entered on November 5, 2018. Petitioner

was sentenced to a unified term of 40 years in prison with 23 years fixed. Petitioner pursued a direct appeal as well as state post-conviction relief. *Am. Pet*. at 1–3.

The Court construes the instant Amended Petition for Writ of Habeas Corpus as alleging the following eleven claims.[1]

Claim 1 asserts ineffective assistance of counsel with respect to Petitioner's plea bargain. Specifically, the claim alleges that counsel told Petitioner he was subject only to a 10-year maximum sentence and that Petitioner would receive a rider. *Id*. at 4.

Claim 2 is similar to Claim 1, but also asserts that counsel told Petitioner he "need not worry" about a recommendation of consecutive sentences and that counsel "gloss[ed] over important parts of the" guilty plea advisory form, including No. 36. *Id*. at 5. Petitioner also claims he was "coerced" into signing the plea agreement.

Claim 3 asserts that counsel rendered ineffective assistance in failing to correct misstatements made by the judge at sentencing upon which the judge relied in determining Petitioner's sentence. *Id*. at 6.

Claim 4 asserts that the sentencing judge relied on incorrect assumptions, violated Idaho Code § 19-2521,[2] and as a result, imposed an excessive sentence. The claim also

---

[1] If the Court's construction of any claim is incorrect, Petitioner must inform the Court and Respondent of all corrections within 28 days after entry of this Order.

[2] That statute provides, in part, that numerous factors weigh in favor of a prison sentence, including whether the defendant may commit another crime, whether a lesser sentence would depreciate the seriousness of the offense, whether imprisonment is an appropriate punishment and deterrent to the defendant and others, and whether the defendant is a multiple offender. Idaho Code § 19-2521(3).

alleges that the judge denied Petitioner "his constitutional right to a fair and impartial trial," but there do not appear to be any facts supporting this portion of Claim 4. *Id*. at 7.

Claim 5 appears to assert that Petitioner's sentence violates the Eighth Amendment because he is not eligible for treatment or other rehabilitation services in prison until six months before he completes his fixed term of imprisonment. *Id*. at 8.

In Claim 6, Petitioner alleges that defense counsel was ineffective at sentencing by failing to present live testimony of witnesses who could have testified on Petitioner's behalf. Instead, those witnesses merely submitted letters. *Id*. at 9.

Claim 7 asserts that the prosecutor committed misconduct at sentencing. Petitioner claims the prosecutor made misleading and false statements, "which helped sway the judge's decision." *Id*. at 10.

Claim 8 alleges that Petitioner's post-conviction conflict attorney repeatedly attempted to withdraw from the representation instead of promptly submitting an amended post-conviction petition. *Id*. at 11.

In Claim 9, Petitioner asserts prosecutorial misconduct based on the prosecutor attacking Petitioner's character. Claim 9 also appears to allege that Petitioner's counsel was ineffective for failing to controvert or object to the prosecutor's statements. *Id*. at 12.

Claim 10 asserts various errors during the course of Petitioner's post-conviction proceedings. *Id*. at 13.

Finally, Claim 11 contends that Petitioner's post-conviction counsel was ineffective for not responding to Petitioner's attempts at contact and not providing requested information. *Id*. at 14.

**2.     Discussion**

Federal habeas corpus relief is available to prisoners who are held in custody under a state court judgment that violates the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a). Habeas relief is not available for violations of state law, such as claims of error during state post-conviction proceedings. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam).

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To properly exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

If, in this case, Petitioner did not properly exhaust his claims in the Idaho Supreme Court before filing his federal Petition, he may face procedural challenges from Respondent. The Court does not have the full record before it to determine whether Petitioner has properly exhausted his claims. The Court will order the Clerk of Court to serve the Petition upon Respondent, who will be permitted to file an answer or a pre-answer motion for summary dismissal and will be ordered to provide a copy of relevant portions of the state court record to this Court.

Petitioner may proceed on the Petition to the extent that the claims (1) are cognizable—meaning they actually can be heard—in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or are subject to a legal excuse for any failure to exhaust in a proper manner. At this time,

INITIAL REVIEW ORDER - 4

the Court expresses no opinion as to whether any of these issues applies to any of Petitioner's claims.

## REQUEST FOR APPOINTMENT OF COUNSEL

Petitioner has requested appointment of counsel. *See Am. Pet.* at 15. There is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson*, 501 U.S. 722, 755 (1991). A habeas petitioner has a right to counsel, as provided by rule, if an evidentiary hearing is required in the case. *See* Habeas Rule 8(c). In addition, the Court may exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on the petitioner's ability to articulate the claims in light of the complexity of the legal issues and the petitioner's likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

At this point, the Court concludes that, based on the evidence currently in the record (Dkt. 11), it is unlikely that Petitioner will be able to meet the strict standards of 28 U.S.C. § 2254(d) for issuance of a writ of habeas corpus. Therefore, at this time the Court will deny the request for appointment of counsel. The Court will notify the parties if it determines, at a later date, that appointment of counsel may be appropriate.

## ORDER

**IT IS ORDERED:**

1. Petitioner's request for appointment of counsel (contained in the Amended Petition) is DENIED without prejudice.

INITIAL REVIEW ORDER - 5

2. The Clerk of Court will serve (via ECF) a copy of the Amended Petition (Dkt. 11), along with any attachments, together with a copy of this Order, on L. LaMont Anderson, on behalf of Respondent, at Mr. Anderson's registered ECF address.

3. Within 120 days after service of the Petition, Respondent may file either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer on the merits if the motion is unsuccessful); or (2) an answer on the merits that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative). The Court may consider the merits of claims that may be subject to a procedural bar if the merits analysis is more straightforward than a complicated procedural analysis.

4. Respondent must file with the responsive pleading or motion, or within a reasonable time thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations—which must be provided to the Court if the petition contains any sentencing claims—must be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

5. If the response to the habeas petition is an answer, Petitioner must file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which must be filed and served within 28 days after service of the answer and brief. Respondent has the option of filing a sur-reply within 14 days after service of the reply. At that point, the case will be deemed ready for a final decision.

6. If the response to the habeas petition is a motion, Petitioner's response must be filed and served within 28 days after service of the motion, and Respondent's reply, if any, must be filed and served within 14 days thereafter.

7. In the response to the habeas petition, whether a pre-answer motion or an answer and brief, Respondent must include citations to all portions of the state court record that support Respondent's assertions. Although Respondent may include citations to a state appellate court decision that describes events that took place in a lower court, Respondent must also include citations to the underlying lower court record.

8. If any of Petitioner's claims is currently under consideration in state court proceedings, any party may file a motion to stay this case pending the outcome of those proceedings. *See Rhines v. Weber*, 544 U.S. 269, 277–78 (2005); *Mena v. Long*, 813 F.3d 907, 908 (9th Cir. 2016).

9. No party may file supplemental responses, replies, affidavits, or other documents not expressly authorized by the Local Rules or by this Order without first obtaining leave of Court.

10. No discovery may be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Habeas Rules.

11. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. The Court will notify the parties if additional briefing is required on any issue.

12. Each party must ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means

that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

13. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

14. Petitioner must at all times keep the Court and Respondent advised of any change in address.

15. If Petitioner's custodian changes at any point during this litigation, Petitioner must file a Notice of Substitution of Respondent, within 28 days of such change, identifying the person who is substituted as Respondent. *See* Fed. R. Civ. P. 25(d); Habeas Rule 2(a).

DATED: November 27, 2023

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge