UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MICHAEL S. HEARTSILL,<br><br>      Petitioner,<br><br>  v.<br><br>JOSH TEWALT,<br><br>      Respondent. | Case No. 1:23-cv-00083-REP<br><br>**MEMORANDUM DECISION AND ORDER** |

  Pending before the Court is an Amended Petition for Writ of Habeas Corpus filed by Idaho state prisoner Michael S. Heartsill, challenging Petitioner's state court convictions for sexual exploitation of a child. *See* Dkt. 11. Respondent has filed a Motion for Summary Dismissal, arguing that some of Petitioner's claims are not cognizable and that all of the claims are procedurally defaulted. *See* Dkt. 17. Petitioner has filed a Motion for Appointment of Counsel. Both Motions are now ripe for adjudication.

  The Court takes judicial notice of the records from Petitioner's state court proceedings, which have been lodged by Respondent. Dkt. 16; *see* Fed. R. Evid. 201(b); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006).

  The parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Federal

Rule of Civil Procedure 73. *See* Dkt. 9. Having carefully reviewed the record, including the state court record, the Court finds that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court will enter the following Order denying Petitioner's Motion for Appointment of Counsel and granting Respondent's Motion for Summary Dismissal.

## BACKGROUND

In the Fifth Judicial District Court in Twin Falls County, Idaho, Petitioner was charged with fifty counts of sexual exploitation of a child. He pleaded guilty to twenty-five counts in exchange for the dismissal of the other twenty-five. *State's Lodging D-16* at 1. Petitioner received unified aggregate sentences of forty years with twenty-three years fixed. *Id*. The Idaho Supreme Court affirmed, and the Idaho Supreme Court denied review. *State's Lodging B-4; B-6*.

Petitioner then pursued state post-conviction relief. The state district court dismissed the post-conviction petition after an evidentiary hearing. *State's Lodging C-1* at 93–107; *C-3* at 29–159. Petitioner appealed. His post-conviction appellate counsel was later permitted to withdraw, and Petitioner proceeded pro se.

The Idaho Court of Appeals affirmed the dismissal of the post-conviction petition. *State's Lodging D-16*. Petitioner did not seek review in the Idaho Supreme Court. *See State's Lodging D-21*. Instead, Petitioner filed a number of motions in the Idaho Court of Appeals, which that court construed as requests for reconsideration of its decision. *State's Lodging D-22; D-23; D-24; D-25*. The state appellate court denied the motions. *State's Lodging D-26*.

MEMORANDUM DECISION AND ORDER - 2

In the instant federal habeas corpus petition, Petitioner asserts the following claims:

>Claim 1 asserts ineffective assistance of counsel with respect to Petitioner's plea bargain. Specifically, the claim alleges that counsel told Petitioner he was subject only to a 10-year maximum sentence and that Petitioner would receive a rider.
>
>Claim 2 is similar to Claim 1, but also asserts that counsel told Petitioner he "need not worry" about a recommendation of consecutive sentences and that counsel "gloss[ed] over important parts of the" guilty plea advisory form, including No. 36. Petitioner also claims he was "coerced" into signing the plea agreement.
>
>Claim 3 asserts that counsel rendered ineffective assistance in failing to correct misstatements made by the judge at sentencing upon which the judge relied in determining Petitioner's sentence.
>
>Claim 4 asserts that the sentencing judge relied on incorrect assumptions, violated Idaho Code § 19-2521, and as a result, imposed an excessive sentence. The claim also alleges that the judge denied Petitioner "his constitutional right to a fair and impartial trial," but there do not appear to be any facts supporting this portion of Claim 4.
>
>Claim 5 appears to assert that Petitioner's sentence violates the Eighth Amendment because he is not eligible for treatment or other rehabilitation services in prison until six months before he completes his fixed term of imprisonment.
>
>In Claim 6, Petitioner alleges that defense counsel was ineffective at sentencing by failing to present live testimony of witnesses who could have testified on Petitioner's behalf. Instead, those witnesses merely submitted letters.
>
>Claim 7 asserts that the prosecutor committed misconduct at sentencing. Petitioner claims the prosecutor made misleading and false statements, "which helped sway the judge's decision."

>Claim 8 alleges that Petitioner's post-conviction conflict attorney repeatedly attempted to withdraw from the representation instead of promptly submitting an amended post-conviction petition.
>
>In Claim 9, Petitioner asserts prosecutorial misconduct based on the prosecutor attacking Petitioner's character. Claim 9 also appears to allege that Petitioner's counsel was ineffective for failing to controvert or object to the prosecutor's statements.
>
>Claim 10 asserts various errors during the course of Petitioner's post-conviction proceedings.
>
>Finally, Claim 11 contends that Petitioner's post-conviction counsel was ineffective for not responding to Petitioner's attempts at contact and not providing requested information.

*Init. Rev. Order*, Dkt. 12, at 2–3 (internal citations and footnote omitted).

The Court previously reviewed the Petition and allowed Petitioner to proceed on his claims to the extent those claims "(1) are cognizable—meaning they actually can be heard—in a federal habeas corpus action, (2) were timely filed in this Court, and (3) were either properly exhausted in state court or subject to a legal excuse for any failure to exhaust in a proper manner." *Id*. at 4.

## DISCUSSION

**1.    Petitioner's Motion for Appointment of Counsel**

As the Court has previously explained, there is no constitutional right to counsel in a habeas corpus action. *Coleman v. Thompson*, 501 U.S. 722, 755 (1991); *see Init. Rev. Order* at 5. A habeas petitioner has a right to counsel, as provided by rule, if an evidentiary hearing is required in the case. Habeas Rule 8(c). In addition, the Court may

exercise its discretion to appoint counsel for an indigent petitioner in any case where required by the interests of justice. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B). Whether counsel should be appointed turns on the petitioner's ability to articulate the claims in light of the complexity of the legal issues and the petitioner's likelihood of success on the merits. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

Here, an evidentiary hearing is not required to determine whether Petitioner's claims are cognizable or whether they are procedurally defaulted. Moreover, Petitioner has been able to represent himself in this matter and protect his interests to date. Finally—as explained below—because some of the claims in the Amended Petition are noncognizable and all of the claims are procedurally defaulted without excuse, Petitioner has not shown a likelihood of success on the merits. Thus, the Court will deny Petitioner's Motion for Appointment of Counsel.

**2. Respondent's Motion for Summary Dismissal**

The Rules Governing Section 2254 Cases ("Habeas Rules") authorize the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits," as well as those records subject to judicial notice, "that the petitioner is not entitled to relief in the district court." Habeas Rule 4; *see* Fed. R. Evid. 201(b); *Dawson*, 451 F.3d at 551 n.1. Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

MEMORANDUM DECISION AND ORDER - 5

Respondent now argues that Claims 4, 8, 10, and 11 are not cognizable and that all of Petitioner's claims are procedurally defaulted without excuse. For the reasons that follow, the Court agrees.

### A.     *Claims 4, 8, 10, and 11 Must Be Dismissed as Noncognizable*

In Claim 4, Petitioner argues that his sentence is excessive. The only specific provision cited in support of this claim is Idaho Code § 19-2521. This claim, therefore, is based solely on Idaho state law.

However, "federal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990). As a result, Claim 4 must be dismissed as noncognizable.[1]

Claims 8, 10, and 11 assert errors during Petitioner's state post-conviction proceedings. But, as state law claims, such claims may not be heard in federal habeas corpus. *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam) ("We … affirm the district court's holding that a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings."). Accordingly, these three claims are also noncognizable.

For the foregoing reasons, Claims 4, 8, 10, and 11 must be dismissed as noncognizable.

---

[1] As the Court noted in its Initial Review Order, this claim also states, in a conclusory fashion, that the sentencing judge denied Petitioner's "constitutional right to a fair and impartial trial." *Am. Pet.* at 7. This generalized conclusion, supported by no specific facts, is insufficient to state a federal habeas claim.

MEMORANDUM DECISION AND ORDER - 6

### B. *All of Petitioner's Claims Must Be Dismissed as Procedurally Defaulted*

#### i. Procedural Default Standards of Law

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162–63 (1996).

Raising a claim "for the first and only time in a procedural context in which its merits will not be considered" except in rare circumstances does not constitute fair presentation. *Castille v. Peoples*, 489 U.S. 346, 351 (1989). In addition, presenting a state law claim does not properly exhaust a federal claim, even if the state and federal claims are similar. *Duncan v. Henry*, 513 U.S. 364, 365–66 (1995) (per curiam).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161–62. Claims are procedurally defaulted in the following situations: (1) when a

MEMORANDUM DECISION AND ORDER - 7

petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To be an "adequate" state ground, a procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default.'" *Martinez v. Klauser*, 266 F.3d 1091, 1093 (9th Cir. 2001) (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003).

Once the state sufficiently pleads the existence of an adequate and independent state procedural bar, the burden shifts to the petitioner to establish that the rule is not adequate or is dependent on federal law. "The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Bennett*, 322 F.3d at 586. The ultimate burden to show that the procedural rule is adequate and independent, however, remains with the state.

      ii.      <u>Petitioner's Claims Are Procedurally Defaulted</u>

The most straightforward manner in which to resolve the exhaustion and procedural default status of Petitioner's federal claims is to review which claims were

raised and addressed on the merits in the state court appellate proceedings and compare them to the subject matter of the claims in this action.

In his direct appeal, Petitioner argued only that the sentencing court abused its discretion by imposing an excessive sentence. *State's Lodging B-1*. In support of this claim, Petitioner cited only Idaho state law. *Id*. This issue corresponds to Claim 4, which the Court has already determined is noncognizable. Because Petitioner asserted no federal violations in his direct appeal, that appeal could not have served to fairly present any of Petitioner's cognizable federal habeas claims.

Additionally, the Idaho Court of Appeals declined to consider the merits of Claim 4—Petitioner's state-law excessive sentence claim—because Petitioner's plea agreement had specifically waived his right to appeal his sentence. *State's Lodging B-4*. Idaho's waiver doctrine in criminal cases has long been the law, and there is nothing to suggest that the waiver doctrine is not adequate and independent. *See State v. Murphy*, 872 P.2d 719, 720 (1994) (holding that a criminal defendant may waive the right to appeal). Because the Idaho Court of Appeals rejected Claim 4 on an adequate and independent state procedural ground, the claim is procedurally defaulted.

The only other state court appeal that Petitioner pursued was his appeal from the dismissal of his post-conviction petition. After the Idaho Court of Appeals affirmed the dismissal, Petitioner did not file a petition for review with the Idaho Supreme Court—a required step in the exhaustion process. *See O'Sullivan*, 526 U.S. at 847. Therefore, Petitioner's state post-conviction appeal did not serve to fairly present any of his federal habeas claims to the Idaho Supreme Court.

MEMORANDUM DECISION AND ORDER - 9

Because Petitioner did not fairly present his habeas claims to the Idaho state courts, and because it is now too late to do so, those claims are procedurally defaulted. *See Gray*, 518 U.S. at 161–62.

### iii. Petitioner Has Not Established an Excuse for the Default of His Claims

The Court's conclusion that Petitioner's claims are procedurally defaulted does not end the inquiry. A federal district court can hear the merits of a procedurally defaulted claim, but only if the petitioner meets one of two exceptions: (1) a showing of adequate legal cause for the default and prejudice arising from the default; or (2) a showing of actual innocence. *Murray v. Carrier*, 477 U.S. 478, 488 (1986), *Schlup v. Delo*, 513 U.S. 298, 329 (1995).

Petitioner does not expressly raise either the cause and prejudice or the actual innocence exception. He does, however, claim that his lack of access to legal materials during the instant habeas case has hindered his efforts to protect his interests. *See* Dkt. 21.

The Court recognizes that prison law libraries generally are not as broadly helpful as one would wish and that, as a pro se prisoner litigant, Petitioner is incarcerated and lacks legal training. But this is true of nearly all prisoner cases.

Though the Constitution guarantees prisoners the right to access the courts, that right extends only so far as to ensure that inmates can "*present* their grievances to the courts." *Lewis v. Casey*, 518 U.S. 343, 360 (1996). It does not guarantee that inmates "be able to conduct generalized research" or that they be granted "the wherewithal to transform themselves into litigating engines." *Id*. at 355, 360.

MEMORANDUM DECISION AND ORDER - 10

As can be seen from the record in this case, and as explained above with respect to Petitioner's Motion for Appointment of Counsel, Petitioner has done an adequate job of prosecuting the instant habeas case. His difficulties in more skillfully litigating his habeas claims are simply "incidental (and perfectly constitutional) consequences of conviction and incarceration." *Id*. at 355. Furthermore, Petitioner has not explained how a lack of legal resources during this *federal* case excuses his failure to have fairly presented his claims in *state* court.

As a result, Petitioner has not established an excuse for the procedural default of his habeas claims.

## CONCLUSION

For the foregoing reasons, Claims 4, 8, 10, and 11 are not cognizable, and all of Petitioner's claims are procedurally defaulted without excuse.

## ORDER

**IT IS ORDERED:**

1. Petitioner's Motion for Appointment of Counsel (Dkt. 22) is DENIED.

2. Respondent's Motion for Summary Dismissal (Dkt. 17) is GRANTED, and the Amended Petition is DISMISSED with prejudice.

3. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a

certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: November 12, 2024

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

MEMORANDUM DECISION AND ORDER - 12